**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 13-4160**

———————

UNITED STATES OF AMERICA,

                Plaintiff - Appellee,

     v.

JAMARA D. JOHNSON,

                Defendant - Appellant.

———————

Appeal from the United States District Court for the District of South Carolina, at Beaufort. Solomon Blatt, Jr., Senior District Judge. (9:11-cr-02288-SB-2)

———————

Submitted: August 14, 2013         Decided: August 27, 2013

———————

Before WILKINSON and NIEMEYER, Circuit Judges, and HAMILTON, Senior Circuit Judge.

———————

Affirmed by unpublished per curiam opinion.

———————

Cameron J. Blazer, Assistant Federal Public Defender, Charleston, South Carolina, for Appellant. Michael Rhett DeHart, Assistant United States Attorney, Charleston, South Carolina, for Appellee.

———————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Jamara D. Johnson pled guilty, without a written plea agreement, to possession, with the intent to defraud, of fifteen or more counterfeit or unauthorized access devices in violation of 18 U.S.C. § 1029(a)(3) (2006). The district court sentenced Johnson to forty-eight months' imprisonment. Johnson's counsel has submitted a brief in accordance with Anders v. California, 386 U.S. 738 (1967), stating that there are no meritorious grounds for appeal, but questioning whether the district court complied with Fed. R. Crim. P. 11 when it accepted Johnson's guilty plea and whether Johnson's sentence is reasonable. Johnson was advised of his right to file a pro se supplemental brief, but he did not do so. We affirm.

Because Johnson did not move to withdraw his plea in the district court, the adequacy of the Rule 11 hearing is reviewed for plain error only. United States v. Massenburg, 564 F.3d 337, 342-43 (4th Cir. 2009) (stating that, in guilty plea context, defendant meets burden by showing reasonable probability that he would not have pled guilty but for Rule 11 omission). Our review of the guilty plea hearing transcript leads us to conclude that the district court substantially complied with the mandates of Rule 11 in accepting Johnson's guilty plea and that the district court's minor omissions did not affect Johnson's substantial rights. Critically, the

2

transcript reveals that the district court ensured the plea was supported by an independent basis in fact and that Johnson entered the plea knowingly and voluntarily with an understanding of the consequences.  See United States v. DeFusco, 949 F.2d 114, 120 (4th Cir. 1991).  Accordingly, we discern no plain error in the district court's acceptance of Johnson's guilty plea.

Turning to counsel's challenge to Johnson's sentence, we review for reasonableness, applying an abuse of discretion standard.  Gall v. United States, 552 U.S. 38, 41 (2007).  This review requires consideration of both the procedural and substantive reasonableness of the sentence.  Id. at 51.  In determining procedural reasonableness, we consider whether the district court properly calculated the defendant's advisory Guidelines range, gave the parties an opportunity to argue for an appropriate sentence, considered the 18 U.S.C. § 3553(a) (2006) factors, or failed to explain sufficiently the selected sentence.  Gall, 552 U.S. at 49-51.

If the sentence is free of significant procedural error, we review it for substantive reasonableness, "tak[ing] into account the totality of the circumstances."  Id. at 51. When, as here, the sentence is within the properly calculated Guidelines range, we apply a presumption on appeal that the sentence is substantively reasonable.  United States v. Mendoza-

3

Mendoza, 597 F.3d 212, 217 (4th Cir. 2010). Such a presumption is rebutted only if the defendant shows "that the sentence is unreasonable when measured against the § 3553(a) factors." United States v. Montes-Pineda, 445 F.3d 375, 379 (4th Cir. 2006) (internal quotation marks omitted).

In this case, the district court correctly calculated and considered the advisory Guidelines range, heard argument from counsel, and gave Johnson the opportunity to allocute. The district court considered the § 3553(a) factors and explained that the within-Guidelines sentence of forty-eight months' imprisonment was warranted in light of Johnson's history and characteristics. Counsel offers no argument to rebut the presumption on appeal that Johnson's within-Guidelines sentence is substantively reasonable. Accordingly, we conclude that the district court did not abuse its discretion in sentencing Johnson.

In accordance with Anders, we have reviewed the entire record in this case and have found no meritorious issues for appeal. We therefore affirm the district court's judgment. This court requires that counsel inform Johnson, in writing, of the right to petition the Supreme Court of the United States for further review. If Johnson requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from

4

representation.  Counsel's motion must state that a copy thereof was served on Johnson.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

AFFIRMED